UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK COLIN JENNINGS,

               Petitioner,               Case No. 4:13-cv-14015
                                                                Hon. Mark A. Goldsmith

v.

WILLIE SMITH,

               Respondent.
_____/

**OPINION & ORDER
(1) DENYING PETITIONER'S MOTION TO REINSTATE HABEAS PETITION (Dkt. 13), (2) DENYING PETITIONER'S MOTION FOR EXTENSION OF TIME (Dkt. 15), (3) DENYING PETITIONER'S MOTION TO APPOINT COUNSEL (Dkt. 16), (4) DENYING PETITIONER'S MOTION TO WITHDRAW MOTION TO REINSTATE HABEAS PETITION (Dkt. 19), AND (5) DIRECTING PETITIONER TO INFORM THE COURT HOW HE WISHES TO PROCEED**

Petitioner Mark Colin Jennings filed a petition for writ of habeas corpus through retained counsel pursuant to 28 U.S.C. § 2254. On April 28, 2014, this Court entered an order holding the case in abeyance pending exhaustion of state post-conviction proceedings (Dkt. 9). The Court also administratively closed the case.

Petitioner's counsel filed a motion to reinstate the habeas petition on November 7, 2017 (Dkt. 13), asserting that Petitioner has now exhausted his state court remedies and that the petition is ready for review. At the same time, Petitioner filed a pro se motion for extension of time to reopen his habeas case (Dkt. 15), asserting that, on June 22, 2017, he filed a second motion from relief from judgment in the trial court raising additional claims, and that the motion remains pending in the trial court.

1

Contrary to his counsel's motion to reopen the case, Petitioner seeks an order extending the order of stay so that the statute of limitations will be tolled while he pursues his successive post-conviction review proceeding through the state courts. Petitioner also filed a motion to appoint counsel on November 29, 2017 (Dkt. 16). The motion claims that Petitioner's retained attorney does not agree with his decision to seek further relief in the state courts, and Petitioner asks the Court to appoint him new counsel who will pursue his appellate strategy. Capping the inconsistent positions taken by Petitioner and his counsel, Petitioner filed a pro se motion on January 30, 2018 to withdraw his counsel's motion to reinstate the habeas petition (Dkt. 19).

Accordingly, the Court is presented with a situation where Petitioner and his counsel have taken inconsistent positions on how to proceed.

The motion to reinstate the petition filed by counsel on November 7, 2017 appears to have been timely made. Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner. See Woods v. Gilmore, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998); Parisi v. Cooper, 961 F. Supp. 1247, 1249 (N.D. Ill. 1997). The Court gave Petitioner 60 days to file a motion to reopen the case after exhausting his post-conviction claims, and Petitioner's counsel asserts that the Michigan Supreme Court denied Petitioner's post-conviction appeal on October 3, 2017.

Despite this fact, Petitioner asks the Court to disregard counsel's motion and allow him to complete another round of collateral review in the state courts. Before the Court can grant, or extend, a stay, however, the habeas petitioner must: (1) demonstrate good cause for the failure to previously exhaust state court remedies with respect to his new claims, (2) show that he has not engaged in dilatory litigation tactics, and (3) show that his new claims are not plainly meritless. Rhines v. Weber, 544 U.S. 269, 276-277 (2005).

Petitioner's pro se pleadings do not appear to make any of these showings. He asserts in conclusory terms that his new claims are based on newly discovered evidence. But he does not state with any detail what the evidence consists of, nor does he demonstrate that the new claims could not have been raised when he filed his first state post-conviction review proceeding. The federal habeas petition was first filed in 2013, and his state post-conviction proceeding was filed in 2014. The fact that Petitioner did not file his successive post-conviction motion in the state trial court until 2017 suggests that he is engaging in dilatory litigation tactics.

Petitioner's most recent pro se motion – to withdraw the motion to reinstate filed by counsel – elaborates a bit on the claims he is attempting to present to the state courts in his successive post-conviction motion. He states that he located child protective services records that were withheld from him and that show he is actually innocent. See Mot. to Withdraw, ¶¶ 5, 6.III (Dkt. 19). He does not explain, however, how these records support a claim of actual innocence. He also states that: (i) he filed a successive motion for relief from judgment on January 18, 2017, raising new issues, id., ¶ 6, (ii) he was sentenced in absentia and without counsel, and was denied a speedy trial, id., ¶ 6.VII-VIII, (iii) he was sentenced based on facts not proven beyond a reasonable doubt. id., ¶ 6.II, and (iv) his trial counsel and appellate counsel were ineffective in failing to raise these claims earlier, id., ¶¶ 6.IV-V.

Petitioner asserts that he attempted to raise these new issues in his first post-conviction motion, but the trial court would not allow him to amend his motion or entertain his pro se arguments because he was proceeding with counsel. Id. at 5, PageID.1124. Petitioner does not explain, however, why these claims were not raised in his initial motion. It therefore appears to the Court based on the record before it that Petitioner is most likely engaging in dilatory tactics by prolonging proceedings in the state courts.

Petitioner also moves for the appointment of counsel. The Court has broad discretion in determining whether counsel should be appointed. Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Petitioner retained experienced and competent counsel to represent him in this case. Petitioner's motion states that he is dissatisfied with his counsel's strategic decision to return to federal court on Petitioner's exhausted claims and not pursue another round of appeals in the state courts, but he does not explicitly state that he wishes to discharge his attorney. Petitioner's retained counsel appears to have complied with the Court's stay order and timely filed a motion to reinstate the case. On this record, Petitioner has failed to demonstrate that the interests of justice require the appointment, or replacement, of counsel. Accordingly, the motion is denied.

Nevertheless, the Court has been presented with inconsistent positions taken by Petitioner and his counsel. Counsel filed a motion to reinstate the petition and proceed with the already-exhausted claims, while Petitioner states that he wishes to pursue another round of state post-conviction review before returning to this Court.

This Court has the inherent power to manage its docket so as to achieve an orderly and expeditious disposition of the case. See Link v. Wabash R. Co., 370 U.S. 626, 630-631 (1962). Further, Petitioner has no inherent right to counsel in this proceeding. Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002). Given the fact that Petitioner and his retained counsel are taking inconsistent positions on how to proceed, the Court will require Petitioner to choose whether he wishes to proceed with counsel or proceed on his own. Should Petitioner chose to proceed with counsel, the Court will thereafter enter an order granting the motion to reinstate the petition and

proceed on an amended petition filed by counsel. Should Petitioner decide to proceed pro se, however, the Court will allow counsel to withdraw, and it will honor Petitioner's request to withdraw the motion to reinstate the petition. The Court strongly cautions Petitioner that, based on the record before the Court, it appears that he will not have complied with the terms of the stay if he continues to pursue his successive post-conviction review proceeding, and the possibility therefore exists that the case will be subject to dismissal on those grounds after he completes state court review.

For these reasons, the pending motions in this case (Dkts. 13, 15, 16, and 19) are denied without prejudice. Petitioner shall inform this Court within 60 days of this order whether he wishes to proceed with counsel and have his pro se pleadings stricken and the case reinstated, or whether he wishes to proceed on his own and continue to pursue his state court remedies before attempting to reopen this case. At that time, Petitioner may refile motions consistent with the chosen path, as outlined above.

SO ORDERED.

Dated: July 12, 2018　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 12, 2018.

　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　Case Manager