UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK COLIN JENNINGS,

                Petitioner,                Case No. 4:13-cv-14015
                                                    Hon. Mark A. Goldsmith

v.

WILLIE SMITH,

                Respondent.
_____/

**OPINION & ORDER
(1) GRANTING PETITIONER'S MOTION TO STRIKE PRO SE PLEADINGS (Dkt. 23),
(2) DENYING PETITIONER'S PRO SE MOTION TO AMEND PETITION (Dkt. 27),
AND (3) REOPENNING CASE AND DIRECTING RESPONDENT TO FILE
RESPONSIVE PLEADING**

Petitioner Mark Colin Jennings filed a petition for writ of habeas corpus through retained counsel pursuant to 28 U.S.C. § 2254. After Petitioner filed multiple pro se pleadings that took an inconsistent legal position from those taken by his counsel, the Court ordered Petitioner to choose whether he wished to proceed with his retained attorney or whether he wished to proceed on his own. See 7/12/2018 Op. & Order (Dkt. 22).

Petitioner filed a motion to strike pro se pleadings (Dkt. 23) on August 6, 2018, indicating that Petitioner elected to proceed with counsel. To complicate matters, however, Petitioner's counsel filed an "Addendum to Petition for Relief Pursuant to 28 U.S.C. Section 2254" in which he states: "Counsel for Petitioner adopts and incorporates by reference all pro se pleadings offered by Petitioner to amend counsel's petition since the Petition was administratively closed for the purpose of litigating in state court." See Addendum (Dkt. 24). Then, on October 16, 2018, Petitioner filed a pro se "Motion to Amend Petition for Writ of Habeas Corpus" (Dkt. 27). In

1

this pleading, Petitioner indicates his desire for the Court to consider in this action every claim raised in every pleading whether filed pro se or through counsel both in the state courts.

Thus, as the Court understands it, Petitioner wishes to reopen the case and proceed with counsel. Counsel wishes to present the Court as claims in this action for habeas relief all of the claims raised by Petitioner in the state courts whether pro se or through counsel in both his direct appeal and state post-conviction review proceeding.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner. See Rodriguez v. Jones, 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). The Court is not finding that Petitioner's motion to reopen this case was timely made, and it will not foreclose Respondent from raising any issues in it responsive pleading related to Petitioner's compliance or noncompliance with stay order. Nevertheless, the Court will order the case reopened so that it may proceed to disposition.

Accordingly, Petitioner's motion to strike pro se pleadings (Dkt. 23) is granted, and the Court will consider only the pleadings filed by counsel or pro se pleadings adopted by counsel. Further, Petitioner's pro se motion to amend (Dkt. 27) is denied for the reason that is was not filed by counsel nor adopted by counsel.

Additionally, the petition for a writ of habeas corpus is reopened and reinstated to the Court's active docket. Respondent shall file a responsive pleading and the Rule 5 materials within 60 days of this order. The Court has interpreted Petitioner's pleadings as raising as substantive claims in this action all the claims presented to the state courts both through counsel and pro se in both Petitioner's direct appeal and in his state post-conviction review proceeding. Nothing in this order shall be construed as foreclosing Respondent from raising any affirmative defenses.

SO ORDERED.

Dated: March 6, 2019　　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 6, 2019.

　　　　　　　　　　　　　　　　　　　　　s/Kristen MacKay for Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　Case Manager